645 A.2d 787

MORTGAGELINQ CORPORATION AND FEDERAL HOME LOAN MORTGAGE CORPORATION, PLAINTIFFS–APPELLANTS, v. COMMONWEALTH LAND TITLE INSURANCE COMPANY; EDWARD CAVALLARO; CONTINENTAL TITLE INSURANCE COMPANY; ELIZABETH KEHOE; LAWYERS TITLE INSURANCE CORPORATION; MARKLAND TITLE SERVICES, INC.; AND ROBERTA A. RANKIN, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 13, 1994—Decided July 11, 1994.

Before Judges MUIR, Jr., THOMAS, and LEVY.

*J. Philip Kirchner* argued the cause for appellants (*Flaster, Greenberg, Mann & Wallenstein,* attorneys; *Jeffrey Adler,* of *Adler & O'Halloran,* of counsel; *Mr. Kirchner,* on the brief).

*Maureen S. Binetti* argued the cause for respondent Lawyers Title Ins. Corp. (*Wilentz, Goldman & Spitzer,* attorneys; *Robert Mahoney* and *Ms. Binetti,* of counsel and on the brief).

*Michael N. Onufrak* argued the cause for respondent Commonwealth Land Title Ins. Co. (*White and Williams,* attorneys; *Mr. Onufrak,* on the joint brief).

*Joshua Sarner* argued the cause for respondent Continental Title Ins. Co. (*Duane, Morris & Heckscher,* attorneys; *Steven M. Janove* and *Mr. Sarner,* on the joint brief).

*Marc S. Raspanti* argued the cause for respondent Kehoe (*Miller, Alfano & Raspanti,* attorneys; *Ann Weikers* and *Mr. Raspanti,* admitted *pro hac vice,* on the joint brief).

*John Wendell Beavers & Associates,* attorneys for respondent Edward Cavallaro (*John Wendell Beavers,* on the joint brief).

Respondents Markland Title Services, Inc., and Roberta A. Rankin did not participate in the appeal.

PER CURIAM.

Plaintiffs appeal from an order, as modified, dismissing their complaints with prejudice on the ground the Entire Controversy Doctrine bars litigation of their claims against defendants in this state. The pertinent facts are set forth in the trial court's reported opinion. *See Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co.,* 262 *N.J.Super.* 178, 620 *A.2d* 456 (Law

Div.1992). After review of the record, the applicable law, and the briefs of counsel, we affirm essentially for the reasons expressed by Judge Weinberg in that reported decision. We do so with brief comments.

Even though the result here extends the preclusive effect of the Entire Controversy Doctrine for failure to join a non-party to a judgment of a jurisdiction which apparently does not employ the doctrine for such failures, plaintiffs' choice and successful efforts to keep defendants out of the prior case, which entailed claims germane to these defendants, dictate against providing them with a New Jersey forum to litigate their claims. *See Giudice v. Drew Chemical Corp.*, 210 *N.J.Super.* 32, 41, 509 *A.*2d 200 (App.Div.), *certif. denied but remanded on other grounds*, 104 *N.J.* 465, 517 *A.*2d 448, 449 (1986). *Cf. Cogdell v. Hospital Center at Orange*, 116 *N.J.* 7, 560 *A.*2d 1169 (1989).

"The doctrine [is] an integral and component part of this state's approach to the resolution of disputes or controversies...." *Crispin v. Volkswagenwerk, A.G.*, 96 *N.J.* 336, 350, 476 *A.*2d 250 (1984) (Handler, J., concurring). "[C]onsiderations of fairness and justness extend to those potentially affected persons who should, because of their stake in a given proceeding, or by virtue of their potential liability, be joined in a single action and given the opportune forum to defend their interests." *Id.* at 353, 476 *A.*2d 250. The doctrine then is one of judicial fairness and should be invoked in that spirit. *Id.* at 353–54, 476 *A.*2d 250.

Plaintiffs have already secured a judgment against those who concocted and carried out the scheme that defrauded Mortgagelinq of significant funds. Those parties were, as defense counsel characterized them, the "real bad guys." Yet, their absence in this jury-demand case projects the defendants as totally liable for the financial calumny suffered by Mortgagelinq. (We note there is no dispute Federal Home Loan Mortgage Corporation has total recourse against Mortgagelinq on the subject mortgages purchased.) Plaintiffs, principally Mortgagelinq, elected to proceed in a bifurcated manner while totally aware of claims against the

defendants in this case. The prior forum was the opportune forum for these defendants. Under the circumstances and given our strong policy against such a selective litigating process, we conclude plaintiffs should be denied access to New Jersey courts as a forum to litigate claims they knew of and chose not to pursue in the prior litigation.

Affirmed.